# Commonwealth ex rel. *v.* Union Surety & Guaranty Company.

*Auditors—Findings of fact—Review.*

An auditor's findings of fact based upon sufficient evidence and confirmed by the court below will not be reversed by the appellate court in the absence of manifest error.

Argued May 22, 1911. Appeal, No. 6, May T., 1911, by Tweedie Trading Company, from decree of C. P. Dauphin Co., Commonwealth Docket, 1904, No. 26, dismissing exceptions to auditors' report in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. Union Surety & Guaranty Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of John E. Fox and Charles F. Brown, auditors. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

*Error assigned* was the decree of the court.

*Louis B. Runk,* with him *John R. Read* and *H. B. Gill,* for appellant.

*David J. Myers,* for appellee.

OPINION BY MR. JUSTICE ELKIN, July 6, 1911:

Appellant, a trading corporation of the state of New York, presented a claim in the court below against the insolvent estate of the Union Surety & Guaranty Company and now complains because it was disallowed. The claim is for damages and is based upon an alleged breach of contract to guarantee bonds of the Carolina Steamship Company. The record is voluminous and the facts somewhat complicated. The claim in the first instance was fully considered by the auditors appointed by the court to make distribution of the fund in the hands of the receiver and afterwards carefully reviewed by the court in passing upon the exceptions to the auditors' report. The auditors and the learned court below agree that under the facts no valid claim for damages exists against the insolvent estate. The learned court finds that the claim is without merit and among other things says: "There was no breach of contract because there never was any compliance with the conditions precedent to the performance of any act or duty by the surety company. In this view of the case it is entirely unnecessary to discuss the proper measure of damages. For these reasons we have no hesitation in concluding that this claim was properly disallowed by the learned auditors." The negotiations and contractual relations relied on to sustain this claim for damages were between the steamship company, the surety company, and the Tweedie Trading Company of New Jersey, which latter company has long since been dissolved and is not a claimant here. The learned court below has found as a fact that the evidence is not sufficient to show that the Tweedie Trading Company of New York, the present claimant, had acquired the rights of the Tweedie Trading Company of New Jersey, upon which the claim must depend, if indeed it ever did exist. This the court gives as an additional reason why the claim cannot be sustained. The report of the auditors and the opinion of the court in dismissing the exceptions as well as the evidence introduced at the hearings have been examined with care to

discover whether any reversible error was committed in the findings made or in the conclusions reached. The case depends upon the facts and cannot be reversed unless for manifest error. We fail to find any such error. The whole question was most carefully and intelligently considered by the learned court below and we cannot do better than express our approval of the findings, reasons and conclusions set forth in the opinion dismissing the exceptions to the auditors' report.

Decree affirmed at the cost of appellant.